IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action |
| | ) No. 04-03046-7-CR-S-ODS |
| NORMAN WEAVER, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on Defendant's Motion to Declare Charging Statute Unconstitutionally Vague. He asserts that 21 U.S.C. § 841(d)(2)[1] should be declared void for vagueness, and seeks dismissal of Counts 1, 18, 20, and 21 of the superseding indictment in this case. He also seeks dismissal under the alternative theory that the government has failed to allege sufficient facts to establish an indictable offense under § 841(d)(2).

Turning first to defendant's vagueness challenge to § 841(c)(2), it is his position that the statute is unconstitutionally vague because the "reasonable cause to believe" language fails to give him fair warning of the illegal criminal conduct, and because it fails to establish standards to govern law enforcement in enforcing the law.

---

[1]Although defendant cites to § 841(d)(2), this was an earlier codification of § 841 (c)(2), and the Court will cite to the current statute.

1

Section 841(c)(2) states in pertinent part that "[a]ny person who knowingly and intentionally– (2) possesses or distributes a listed chemical, knowing or having reasonable cause to believe, that the listed chemical will be used to manufacture a controlled substance except as authorized by this subchapter . . . shall be fined in accordance with Title 18 . . . ."

In <u>United States v. Sdoulam,</u> 398 F.3d 981 (8th Cir. 2005), the Eighth Circuit addressed a challenge to § 841(c)(2) on the theory that it charged the defendant with conspiring to commit a negligent act. The Court reviewed the sufficiency of the indictment de novo, and addressed defendant's contention that the language "reasonable cause to believe" creates a negligence standard. Defendant asserted that this is contrary to the specific intent requirement, which is necessary to support a conspiracy conviction. In rejecting this argument, the Court held that "a charge of conspiracy to violate Section 841(c)(2) satisfies the specific intent requirement and does not give rise to a 'legal impossibility.'" <u>Id.</u> at 987-88. In doing so, the Court relied on <u>United States v. Bewig,</u> 354 F.3d 731, 737 (8th Cir. 2003), in which it had held that § 841(c)(2) does not criminalize a negligent act and is not unconstitutionally vague. The Eighth Circuit emphasized, in the <u>Sdoulam</u> decision, that the actual knowledge requirement of conspiracy was satisfied because the object of the conspiracy was the knowing and intentional possession of a listed chemical, knowing and having reasonable cause to believe that it would be used to manufacture a controlled substance.

In <u>Bewig,</u> the Court characterized defendant's argument that § 841(c)(2) is unconstitutionally vague as a last-ditch effort to overturn his conviction. In rejecting defendant's contention that the section does not provide objective criteria for individuals to know what is illegal, the Court recognized that the general "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient

2

definiteness that ordinary people can understand what conduct is prohibited . . . ." 354 F.3d at 737, quoting <u>Kolender v. Lawson,</u> 461 U.S. 352, 357 (1983). It found that § 841 (c)(2) satisfies this standard. The Court held that § 841 (c)(2) "does not punish the inadvertent sale of a listed chemical to an illegal drug manufacturer, but instead punishes only those sales where the seller understands, or should reasonably understand, that the chemical will be used illegally." <u>Bewig,</u> 354 F.3d at 737. It elaborated that the section does not require that a defendant be a mind reader, but rather, "it instills punishment only when a defendant knows or should know beforehand the illegal end his sale will produce." <u>Id.</u>[2] In terms of whether the government must prove that methamphetamine was actually made with the sold pseudoephedrine, the <u>Bewig</u> opinion stated that, "'[i]t is sufficient that the defendant be aware that customers in general are likely to use the merchandise with the drugs.'" 354 F.3d at 737-38, quoting <u>Posters 'N' Things, Ltd. v. United States,</u> 511 U.S. 513, 524 (1994). There is nothing in the statute nor applicable case law to suggest the government must prove actual manufacturing when the offense charged is providing a product with knowledge or reasonable cause to believe that the product would likely be used for such manufacturing.

The Court has fully reviewed defendant's arguments, the government's response, and applicable case law. It is the Court's opinion that <u>Bewig</u> controls these cases, and that the Eighth Circuit has unequivocally found that § 841(c)(2) is not unconstitutionally vague. The decision very recently handed down by the Eighth Circuit in <u>Sdoulam</u> further solidifies the state of the law. Defendant has failed to establish that the statute is unconstitutionally vague on its face or as applied to him. Rather, the facts of his

---

[2]In another recent Eighth Circuit opinion, the issue of what constitutes the requisite knowledge was addressed. The Court found that this knowledge can be inferred from surrounding circumstances, such as when pseudoephedrine is sold in quantities exceeding what a reasonable person would consider legitimate consumer purchases, when it is sold at a premium price, which has been found to be consistent with making knowingly illicit sales of a controlled substance, or when pseudoephedrine is purchased from more than one supplier to allay suspicion. <u>United States v. Khehra,</u> 396 F.3d 1027, 1029-30 (8th Cir. 2005).

3

case are similar in many respects to those set forth in the Sdoulam and the Bewig cases.

Given that the Eighth Circuit has rejected, along with several other circuits, the void for vagueness challenge to § 841(c)(2), and based on the fact that the Sdoulam decision holds that the section satisfies the specific intent requirement, the Court finds that defendant's motion is without merit and should be denied.

The Court finds, therefore, that it must be recommended that defendant's motion to dismiss on the grounds that § 841(c)(2) is unconstitutionally vague be denied.

Turning to defendant's contention that the indictment fails to state an indictable offense, it is his contention that the indictment does not allege the specific conduct he was deemed to have committed in order to have reasonable cause to believe the pseudoephedrine was being diverted. It is the government's position that the indictment tracks the statutory language of § 841(c)(2), and clearly sets out the conduct that is criminalized. The Court agrees, and finds defendant's argument to be without merit. Accordingly, the motion to dismiss on the alternative grounds should be denied. For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's motion to declare the charging statute to be unconstitutionally vague and to dismiss Counts 1, 18, 20 and 21 of the superseding indictment, or to dismiss the counts for failure to state an indictable offense, be denied.

/s/ James C. England  
JAMES C. ENGLAND  
United States Magistrate

Date: April 4, 2005